UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-cv-81705-RAR

GRANT HUBBARD, ERIC
KALISNIKOW, JAMES DIAZ,
and CORY BIGHAM, each
individually and on behalf of all
others similarly situated

        Plaintiffs,

vs.

JERRY'S SEAMLESS GUTTERING,
INC. and JEROME KRECZMER,

        Defendants.

_____/

## DEFENDANTS' UNOPPOSED
## MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT
## AND INCORPORATED MEMORANDUM OF LAW

Defendants Jerry's Seamless Guttering, Inc. ("JSG") and Jerome Kreczmer ("Kreczmer") (collectively, the "Defendants") move this Honorable Court to grant them leave to add South East Personnel Leasing, Inc. (SEPL) as a third-party Defendant, and state as follows:

1. Plaintiffs filed the Complaint for alleged violations of the Fair Standard Labors Act in this case on December 23, 2019, but Defendants were not served until February 7, 2020. [ECF No. 3].

2. From February through June 2020, Defendants have continued to investigate Plaintiffs' claims and realized that the reason they are being sued is based on the very advice proposed third party defendant SEPL gave them.

3. SEPL is an employee leasing company that Defendants hired in March 2015 to "takeover payroll administration" and calculation of paychecks. Every week, Defendants would provide the total hours worked by each employee and the piece rate pay with the expectation – based on SEPL's promises – that SEPL would indeed pay the employees the correct amount. According to Plaintiffs' complaint, this did not occur. As such, Defendants hold SEPL responsible for the instant lawsuit and would like to file the attached third-party complaint. See Exhibit 1.

4. Federal Rule of Civil Procedure 14 governs the filing of a third-party complaint. Under 14(a)(1), a defending party may file a third-party complaint against a nonparty "who is or may be liable to it for all or part of the claim against it." The defendant must obtain leave of court by motion if the third-party complaint is filed more than 14 days after its original answer. A third-party claim may be asserted under Rule 14 "only when the non-party's liability is in some way dependent on the outcome of the original lawsuit." *Herrera v. 7R Charter Ltd.*, 2018 WL 7825023 at *1 (S.D. Fla. April 30, 2018), citing *Osario v. State Farm Bank, F.S.B.*, 278 F.R.D. 671, 673 (S.D. Fla. 2011). For impleader to be available, the third-party defendant must be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff. *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987).

5. Courts have the discretion to grant or deny a Rule 14 motion. *Forman v. Davis*, 371 U.S. 178, 182 (1962) In exercising its discretion, the court should construe the rule liberally to effectuate its intended purpose of adjudicating the rights of all persons concerned in the controversy in one proceeding and preventing the necessity of trying several related claims in different lawsuits. Courts must find a "justifiable reason in denying a request for leave to amend." *Forman*, 371 U.S. at 182. A court does not need to allow amendment if (1) there has

been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies in amendments already allowed; (2) where allowing the amendment would cause prejudice to the opposing party; or (3) where the amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Further, in motions for leave to add a third-party complaint, this Court has considered additional factors such as whether (1) impleading a third party would delay or unduly complicate the action; (2) whether impleading a new part would prejudice the new or non-moving party; and (3) the merit of the underlying claim. *Herrera*, 2018 WL 7825023 at *1.

  6. Here, Plaintiffs do not oppose the motion for leave to add a third-party defendant. The case has just commenced discovery, and conditional certification has not even been granted at the time of filing this motion. As such, there is no prejudice in allowing the Defendants leave to file the third-party complaint.  However, if the Court were to deny this request, Defendants would have to file a second lawsuit to pursue its claims against SEPL, despite the issues being identical to those in this action, thereby creating a waste of judicial resources, and additional expense to the parties. In addition, SEPL made several misrepresentations to Defendants, creating the cause of action that spurned this lawsuit.  Thus, Defendants claims against SEPL have merit and should be allowed to go forward in this action.

  WHEREFORE, Defendants respectfully ask that this Court grant it leave to file a Third Party Complaint against South East Personnel Leasing, Inc.

Attorneys for Defendants
BLACK LAW P.A.
1401 E Broward Blvd.
Suite 204  Fort Lauderdale FL 33301
Ph. 954-320-6220, fx. 954-320-6004


By: _____s/ *Kelsey K. Black*_____
      Kelsey K. Black
      Florida Bar No. 078925
      kelsey@kkbpa.com